**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| Darius Tyresse DuBose, | |
| Plaintiff, | Civil No. 3:26-cv-00470 (SVN) (TOF) |
| v. | |
| Joseph B. Schwartz, et al., | May 4, 2026 |
| Defendants. | |

## ORDER RE: PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION

The plaintiff, Darius Tyresse DuBose, a *pro se* prisoner, brings this federal lawsuit against Judge Joseph B. Schwartz and other court officials ("defendants"). He also moved for leave to proceed *in forma pauperis,* or "IFP"—in other words, he asked for permission to begin his lawsuit without pre-paying the customary case-initiation fees. (Application, Docket No. 2.) A federal law called 28 U.S.C. § 1915 permits an incarcerated person to do so if, among other things, he submits an affidavit showing that he is "unable to pay." 28 U.S.C. § 1915(a)(1). To help inmates make this showing, the United States District Court has prepared a six-page form for them to fill out and sign under penalty of perjury.

In this case, Mr. DuBose's application is incomplete. It includes only pages 1, 3, and 5 of the form; pages 2, 4 and 6 are missing. (Docket No. 2.) Moreover, both Mr. DuBose's incomplete form and his complaint are rife with markers of so-called "sovereign citizen" ideology, including a purported "reservation of rights" under Article 1-308 of the Uniform Commercial Code. These markers raise questions about Mr. DuBose's commitment to truthfulness, and this Court will not accept even a complete IFP application with an Article 1-308 reservation under these

1

circumstances.  Accordingly, Mr. DuBose will be ordered to submit a new and complete application without a "reservation" under Article 1-308 if he wishes to proceed IFP.

I.  **BACKGROUND**

Mr. DuBose's lawsuit arises out of his arrest on March 31, 2023.  (Compl., Docket No. 1, ¶ 11.)  He alleges that he was "lawfully exercising his Constitutional protected and secured right to travel" when he was "aggressively pulled over with emergency sirens . . . by a [*sic*] Agent that appeared to be a Connecticut State Trooper by the name [of] Tyler Allen."  (*Id.*)  Trooper Allen "ask[ed him] for a 'valid Drivers License[,]'" which he did not produce because he "do[es] not have [and] never applied for one."  (*Id.* ¶ 12.)  Mr. DuBose evidently contends that drivers' licenses are required only when one "drives" "for Commercial purposes for hire[,]" and are neither required nor even permitted when one is merely "travel[ing]" for non-commercial purposes.  (*Id.* ¶¶ 11-12.)  In any event, he was arrested and his car was impounded, and he appeared before Judge Schwartz for his arraignment on April 3, 2023.  (*Id.* ¶ 13.)  He says that the charges later resolved with a *nolle prosequi.*[1]  (*Id.* ¶ 17.)

Mr. DuBose filed this lawsuit on March 26, 2026, alleging that Judge Schwartz and others "violated [his] rights under the Fourth, Fifth, Eighth, and Ninth Amendments to the United States Constitution and Caused Plaintiff . . . Pain, Suffering, Irreparable Harm, Emotional Distress and Financial Burdens[.]"  (*Id.* ¶ 20.)  He signed his complaint "[w]ithout prejudice" under "C.G.S. 42a-1-308," Connecticut's codification of Article 1-308 of the Uniform Commercial Code.  (*Id.* at

---

[1]  Mr. DuBose listed four separate docket numbers in his complaint: U04W-CR21-0498236-S, U04W-MV21-0483688-S, U04W-CR23-0503765, U04W-MV23-0486508-S. (Compl., Docket No. 1, ¶ 14.)  A search of the State of Connecticut Judicial Branch website did not uncover those case numbers, but it did reveal six criminal or motor vehicle cases for an individual named Darius DuBose. *See, e.g.,* A05D-MV21-0364872-S (illegal operation of a motor vehicle) and A05D-CR23-0191996-S (various violent offenses).

p. 12.)  He also attached to his complaint an "Affidavit of Reservation of Rights UCC 1-308 Connecticut General Statute Sec. 42a-1-308," in which he purported to "retain [his] right not to be compelled to perform under any Contract or Commercial Agreement that [he] did not enter knowingly, voluntarily and intentionally." (Docket No. 1-1.)  He added that he did "not accept the liability of the compelled benefit of any unrevealed Contract and [had] never knowingly or willingly contracted away [his] Sovereignty." (*Id.*)  He also stated that he is "not a State citizen" nor a "United State [*sic*] citizen or a 14th Amendment citizen," but rather a "National of the Republic, One of the Aboriginal/Indigenous People" who "at all times. . . reject[s] expatriation." (*Id.*)  Finally, he purported to place "ALL successors and Assigns" on notice that he would charge $250,000 for each fifteen-minute period in which his "Sui Juris, Aboriginal/Indigenous Connecticut Native" liberty was infringed. (*Id.*)

Mr. DuBose also moved for leave to proceed IFP.  He evidently attempted to complete the District of Connecticut's six-page application form, but the only pages that reached the Clerk's Office were pages 1, 3, and 5.  (Application, Docket No. 2.)  His application is therefore missing his responses to the questions on page 2 of the form, including whether he has a job in prison, whether he has any other income, and so forth. (*Id.*)  It is also missing the "Prisoner Certification" on page 4, in which prisoners authorize the Department of Correction Inmate Trust Fund to pay the filing fee out of his trust account in installments according to the schedule set forth in 28 U.S.C. § 1915.  Mr. DuBose did attach an inmate trust account statement, showing that he had only $0.31 in the account as of March 16, 2026 (Docket No. 3), but that statement only shows his balance in one account—it does not give a complete picture of his assets outside the prison.[2]  Finally, Mr.

---

[2]     Moreover, the account statement shows funds regularly flowing into and out of his account. (*See* Docket No. 3) (reflecting nine deposit transactions and twenty-one withdrawal transactions over a six-month span).  If Mr. DuBose is receiving financial support or assistance from a family

DuBose signed his application "without prejudice C.G.S. 42a-1-308, UCC 1.308 V.C. All Rights Reserved." (*Id.*)

## II.    DISCUSSION

### A.    IFP Applications

"Ordinarily it costs $405.00 to start a federal civil lawsuit like this one." *Lawrence v. Charlotte Hungerford Hosp.*, No. 3:25-cv-1022 (SVN) (TOF), 2025 WL 2644744, at *1 (D. Conn. Sept. 15, 2025). The $405.00 total fee is composed of a $350.00 filing fee and a $55.00 administrative fee. *See* 28 U.S.C. § 1914; *Wood v. New Haven D.O.C.*, No. 3:24-cv-1394 (JAM) (TOF), 2024 WL 4825792, at *3 (D. Conn. Nov. 18, 2024), *report and recommendation approved and adopted*, slip op. (D. Conn. Jan. 6, 2025). But 28 U.S.C. § 1915 waives the administrative fee, and permits deferred payment of the filing fee in installments over time, for prison inmates who submit affidavits showing that they are "unable to pay[.]" 28 U.S.C. § 1915(a)(1). As noted above, the District of Connecticut has prepared a six-page application form to help inmates make this showing.

Mr. DuBose's lawsuit is assigned to the Honorable Sarala V. Nagala, United States District Judge. In the District of Connecticut, however, prisoner IFP motions are reviewed in the first instance by a United States Magistrate Judge. *See* United States District Court for the District of Connecticut, *Guide for Self-Represented Litigants*, at 6 ("[T]he motion to proceed in forma pauperis ... will be reviewed by a Magistrate Judge."). When the motion deserves to be granted, the Magistrate Judge will typically be the one to grant it. *See, e.g., Ambrose v. Guadaramma*, No. 3:24-cv-926 (VAB) (TOF), 2024 WL 2836228, at *2 (D. Conn. May 31, 2024) (granting motion).

---

member or friend, he must disclose that person's financial resources on his new application. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002).

When the IFP motion deserves to be denied, the Magistrate Judge will ordinarily only recommend denial to the District Judge, rather than deny it himself—because Magistrate Judges are not generally authorized to dismiss cases, and denying an IFP motion can sometimes be "the functional equivalent of an involuntary dismissal[.]" *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). When an IFP motion lacks enough information on which to base a decision either way, the Magistrate Judge may ask the applicant to provide more. *See, e.g., Dan M. v. Kijakazi*, No. 3:22-cv-664 (SRU) (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). Currently, these roles are performed in the District of Connecticut by Magistrate Judge Thomas O. Farrish.

### B.    "Sovereign Citizens" and UCC 1-308 Reservations

So-called "sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (summary order). With respect to courts specifically, "[s]overeign citizens believe that they are exempt from the jurisdiction of any legitimate court, state or federal[.]" *United States v. Cook*, No. 3:18-cr-00019, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019) (citing Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 830, 838 (2015)). They often file lawsuits seeking to invoke against others the very jurisdiction that they deny applies to them. *E.g., Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *6 (S.D. Ga. Oct. 6, 2023).

Mr. DuBose may or may not be a "sovereign citizen," but his submissions reflect many of their beliefs. For example, Mr. DuBose evidently believes—as "sovereign citizens" do—that he can drive on the public highways without a driver's license if he merely claims to be "traveling" for non-commercial purposes. (Compl., Docket No. 1, ¶ 11); *see also Sposato v. Carey*, No. 5:23-cv-364, 2024 WL 637423, at *5 (N.D.N.Y. Feb. 15, 2024). "Sovereign citizens" also believe "that

they are beneficiaries of trust funds held by the federal government[.]"  *Harrison v. Iriarte*, No. 1:23-cv-141 (GHD) (DAS), 2024 WL 4360626, at *6 (N.D. Miss. Aug. 6, 2024); (*see also* Compl., Docket No. 1, at 12) (containing Mr. DuBose's signature as "Beneficiary").  They theorize that "when the government began issuing legal tender in 1933, its citizens were pledged as collateral for the national debt, resulting from the supposed loss of value because the country went off the gold standard."  *Harrison*, 2024 WL 4360626, at *6 (internal quotation marks omitted); (*see also* IFP Motion, Docket No. 2, at 2) (identifying "HJR-192"—another name for the Depression-era Public Law 73-10, which suspended the gold standard—as one of his assets).

Of particular relevance here, "sovereign citizens" routinely misunderstand and misapply Article 1-308 of the Uniform Commercial Code.  That article is codified in Connecticut law at Section 42a-1-308 of the General Statutes, and it reads in pertinent part: "A party that, with explicit reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved."  Conn. Gen. Stat. § 42a-1-308(a).  "Sovereign citizens" often believe that one of the "rights" they can "reserve" under this otherwise-uncontroversial commercial statute is the right to be untruthful in submissions to the Court.  *Tiffany v. Karen*, No. 2:23-cv-00393 (ART) (DJA), 2023 WL 11827285, at *2 (D. Nev. May 25, 2023) (noting that a reservation of rights under UCC 1-308 is "common" in pleadings by "members of the Moorish sovereign citizen movement" "because they believe that by 'reserving your rights' you can avoid the potential consequences of untruthful answers").

Courts therefore routinely reject IFP applications when they are signed with an Article 1-308 "reservation," and when the accompanying complaint bears markers of "sovereign citizen" ideology.  In *McCarley v. AIRBNB, Inc.*, for example, the court rejected the plaintiff's IFP application in part because her Article 1-308 reservation "contravene[d] one of the fundamental

6

purposes of [Federal Rule of Civil Procedure] 11" and reflected an effort to "absolve herself from the consequences of untruthful or 'frivolous' pleadings and/or filings." No. 2:25-CV-00510-JAD-MDC, 2025 WL 1151131, at *1 (D. Nev. Apr. 17, 2025). Similarly, in *Tiffany* the court rejected the plaintiff's IFP application in part because her Article 1-308 reservation rendered it "evasive" and "incomplete." *Tiffany*, 2023 WL 11827285, at *2. And in *Harper v. California Department of Corrections and Rehabilitations,* the court denied the plaintiff's IFP application in part because his "UCC 1-308" reservation connoted belief in a common "sovereign citizen ideology." No. 1:22-cv-00253 (JLT) (EPG), 2022 WL 1094806, at *1 (E.D. Cal. Mar. 29, 2022); *cf. also Corey Nathaniel Fountain v. Orlando Utilities Comm'n*, No. 6:25-cv-1524 (CEM) (DCI), 2025 WL 2989113, at *3 (M.D. Fla. Sept. 5, 2025) (reviewing, under 28 U.S.C. § 1915(e), a complaint signed with reservations and concluding that "the inclusion of these types of words or phrases makes the undersigned question whether Plaintiff personally signed the pleading and, even if Plaintiff did, it seems Plaintiff is attempting to somehow avoid the consequence of filing an untruthful or frivolous pleading or otherwise circumvent Rule 11"), *report and recommendation adopted sub nom. Fountain v. Orlando Utilities Comm'n*, No. 6:25-cv-1524 (CEM) (DCI), 2025 WL 2986628 (M.D. Fla. Oct. 23, 2025); *Maida v. United States*, No. 2:24-CV-02375-RFB-MDC, 2025 WL 48934, at *2 (D. Nev. Jan. 7, 2025) (concluding that an IFP application signed with reservations was effectively not signed at all because such "disclaimers contravene one of the fundamental purposes of Rule 11"); *North Carolina v. Walls*, No. 4:25-cv-52 (FL) (KS), 2025 WL 1673753, at *1 (E.D.N.C. Mar. 26, 2025) (the court was "unable to determine" whether a plaintiff filing "all rights reserved" qualified for IFP status), *report and recommendation adopted,* No. 4:25-cv-52 (FL), 2025 WL 1367829 (E.D.N.C. May 12, 2025); *Yahral v. Fincher*, No. 2:24-cv-02042 (CDS) (MDC), 2025 WL 2211254, at *1 (D. Nev. Aug. 4, 2025) (stating that use of "UCC-1-308"

and "such terminology and refusal to provide a suitable registration number gives the [c]ourt pause for a lack of transparency").

In other words, when someone who adheres to "sovereign citizen" beliefs signs an IFP motion with an Article 1-308 reservation, courts regard them as crossing their fingers behind their back. "The sovereign citizen ideology is not merely incorrect, it is wholly incompatible with the rule of law. Courts are under no obligation to indulge claims grounded in fantasy, conspiracy, or invented legal codes, particularly when they seek to frustrate the proper enforcement of neutral laws that apply equally to all." *Caffey v. Grand River Dam Police Dep't*, No. 25-cv-216 (RAW) (JAR), 2025 WL 2588499, at *6 (E.D. Okla. Aug. 12, 2025), *report and recommendation adopted,* No. 25-cv-216 (RAW) (JAR), 2025 WL 2577133 (E.D. Okla. Sept. 5, 2025) (dismissing with prejudice sovereign-citizen-imbued complaint).

In this case, Mr. DuBose's IFP motion is signed with an Article 1-308 reservation, and his complaint and other submissions contain several markers of "sovereign citizen" beliefs. This Court therefore construes him as attempting to cross his fingers, as many other courts have done with similar submissions. If Mr. DuBose will uncross his fingers and sign a complete, truthful, and accurate IFP application without reservation, this Magistrate Judge will be happy to consider his application anew.

## III.    CONCLUSION

For the foregoing reasons, Mr. DuBose is **ORDERED** to either (a) fill out a new IFP application form—completely, truthfully, and accurately—and sign it under penalty of perjury without any reservation, whether under Article 1-308 of the Uniform Commercial Code or otherwise; or (b) pay the $350.00 filing fee and the $55.00 administrative fee. The Clerk of the Court is respectfully directed to send him a new, blank form at his address of record. If Mr.

DuBose does not comply with either option (a) or option (b) by May 19, 2026, he will have neither paid the required fees nor demonstrated his right to avoid them.  In that event, his case may be dismissed.

> /s/ Thomas O. Farrish
> Hon. Thomas O. Farrish
> United States Magistrate Judge